# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**TRAVIS MCKINNEY,**

   **Petitioner,**

**v.**           **Case No.  4:14cv238-MW/CAS**

**JULIE L. JONES, Secretary,**
**Department of Corrections,[1]**

   **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On May 9, 2014, Petitioner, an inmate of the Florida Department of Corrections, proceeding pro se, filed a petition for writ of habeas corpus, under the mailbox rule, pursuant to 28 U.S.C. § 2254.  ECF No. 1. Pursuant to orders directing amendment, Petitioner filed his Second Amended Petition, with exhibits, on July 7, 2014.  ECF No. 7.  On January 15, 2015, Respondent filed an answer, with exhibits.  ECF No. 12. Petitioner filed a reply, with exhibits, on April 2, 2015.  ECF No. 17.

---

[1] The Clerk of Court shall substitute Julie L. Jones, as Secretary of the Florida Department of Corrections, for Michael D. Crews.  Julie L. Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

Petitioner also filed a Notice to the Court on March 7, 2016, and a Notice to the Court on April 18, 2016.  ECF Nos. 19, 20.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons set forth herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and this second amended § 2254 petition should be denied.

## Background and Procedural History

Petitioner was charged by Amended Information in the circuit court of the Second Judicial Circuit, Wakulla County, Florida, in 2002 with (1) aggravated battery by great bodily harm, in violation of section 784.045(1)(a)1., Florida Statutes, a second-degree felony; (2) felony fleeing or attempting to elude a police officer, in violation of section 316.1935(3), Florida Statutes, a second-degree felony; (3) one count of possession of a firearm by a convicted felon, in violation of section 790.23(1)(a), Florida Statutes, a second-degree felony; (4) resisting an officer without violence,

in violation of section 843.02, Florida Statutes, a first-degree misdemeanor;

(5) driving while under the influence, in violation of section 316.193(2)(a),

Florida Statutes, a second-degree misdemeanor; (6) driving while license is

suspended or revoked, in violation of section 322.34(2)(a), Florida Statutes,

a second-degree misdemeanor; and (7) reckless driving, in violation of

section 316.192(2)(a), Florida Statutes, a second-degree misdemeanor.[2]

Ex. H at 7-10.[3]

On May 14, 2004, Petitioner entered into a negotiated plea of nolo

contendere.  Ex. D.  Pursuant to that plea, by Judgment and Sentence

rendered May 14, 2004, Petitioner was adjudicated guilty and sentenced

concurrently on Counts 1, 2, and 3 to 22 months in the Wakulla County Jail

Bed Program as a condition of two years of probation, which would

terminate upon his release from the incarcerative period, followed by two

years of community control, followed by six years of standard probation.

He was given credit for time served of 58 days in Leon County, with the

further amount estimated but not certain, to be set by subsequent order of

---

[2] The State took no action on two other offenses: (8) possession of a firearm while committing a felony, in violation of section 790.07, Florida Statutes, a second-degree felony; and (9) possession of a controlled substance, in violation of section 893.13, Florida Statutes, a second-degree felony.  *See* Ex. A.

[3] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits A through III filed by Respondent in conjunction with the answer.  *See* ECF No. 12.

380 days less or more in Wakulla County on these charges.  Ex. D at 16-17; Ex. E.

After a series of affidavits of violation of community control were filed alleging violation of conditions involving failure to remain confined at his residence except for work, failing to submit an hourly accounting of his activities in a daily log, changing residence without consent, and failing to remain at liberty without violating any law, Petitioner was found in violation after a hearing held October 15, 2008.  Ex. H at 37-85, 120, 182.  He was sentenced on October 15, 2008, to three consecutive fifteen-year terms of imprisonment for the three offenses: aggravated battery with great bodily harm, felony fleeing or attempting to elude, and possession of a firearm by a convicted felon.  Ex.  H at 85-93, 100.

On appeal to the state First District Court of Appeal, the court reversed, stating that the trial court failed to conduct an appropriate Faretta[4] hearing.[5]  Ex. N.  *See* McKinney v. State, 39 So. 3d 530 (Fla.1st DCA July 13, 2010) (mem.).  On remand, the trial court held a hearing on

---

[4] Faretta v. California, 422 U.S. 806 (1975).

[5] The district court of appeal also noted that the trial court orally found Petitioner in violation of probation rather than violation of community control, as charged, but stated that in light of the reversal and remand, there was no need to address the discrepancy. McKinney, 39 So. 3d at 530, n.*.  An order of revocation of community control was entered on October 15, 2008.  Ex. H at 100.

December 16, 2010, Ex. R at 286-457, at which Petitioner admitted the violations of community control.  Ex. R at 452-53.  The trial court again sentenced Petitioner to three fifteen-year prison terms.  Ex. R at 455, 263-72.  On appeal, the state First District Court of Appeal affirmed but remanded for entry of a written order of revocation conforming to the court's oral pronouncement.  Ex. V.  *See* McKinney v. State, 71 So. 3d 952 (Fla. 1st DCA Oct. 19, 2011) (mem.).  The mandate was issued on November 4, 2011, Ex. W, and Petitioner did not seek discretionary review in the Florida Supreme Court.  The trial court issued a written order of revocation of community control pursuant to the directive of the district court of appeal on December 5, 2011, which was not appealed.  Ex. X.

Petitioner filed a petition for writ of habeas corpus in the state circuit court in and for Escambia County, Florida, on May 17, 2011.  Ex. Z at 3.  The petition was transferred to Wakulla County, Ex. Z at 1, where it was denied as being an improper substitute for a post-conviction motion under Florida Rule of Criminal Procedure 3.850 and for being filed in the wrong county.  Ex. Z at 39-39.  The First District Court of Appeal affirmed per curiam without opinion on September 24, 2012.  Ex. CC.  *See* McKinney v. State, 97 So. 3d 828 (Fla. 1st DCA 2012) (table).  The mandate was issued on October 22, 2012.  Ex. DD.

Petitioner filed a Rule 3.850 motion on March 22, 2012, which was later supplemented.  Ex. FF at 1-50.  The motion alleged newly discovered evidence concerning an affidavit by his co-defendant in the originally-charged crimes and an affidavit by witness Carol Scott, which conflicted with her earlier statements to law enforcement.  After a hearing held on April 10, 2013, Ex. FF at 84, the motion was denied as untimely and on the ground that it raised improper challenges to a negotiated plea.  Ex. FF at 91-92, 101.  The state First District Court of Appeal affirmed per curiam without opinion on December 11, 2013.  Ex. JJ.  *See* McKinney v. State, 128 So. 3d 801 (Fla. 2013) (table).  The mandate was issued on January 7, 2014.  Ex. KK.

Before his Rule 3.850 motion was heard and determined, Petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) on January 24, 2013.[6]  Ex. MM at 1-8.  The motion was denied and that denial was affirmed on appeal on October 4, 2013.  Ex. PP.  *See* McKinney v. State, 124 So. 3d 920 (Fla. 2013) (table).  After rehearing was denied, the mandate was issued on December 2, 2013.  Exs. QQ, RR, SS.

---

[6] This motion alleged that he could not be sentenced to prison and be "sentenced" to probation without violating double jeopardy.  Ex. MM at 2-8.

Petitioner filed an emergency petition for writ of habeas corpus in the state First District Court of Appeal on February 28, 2014, Ex. UU, which was dismissed on April 8, 2014.  Ex. VV.  *See* McKinney v. State, 135 So. 3d 1132 (Fla. 1st DCA 2014).  Another emergency petition for writ of habeas corpus was filed on April 18, 2014, in the district court of appeal, Ex. BBB, which was dismissed on May 16, 2014.  Ex. CCC.  *See* McKinney v. Crews, 138 So. 3d 1147 (Fla. 1st DCA 2014).

On May 28, 2014, Petitioner filed another emergency petition for writ of habeas corpus in the state district court of appeal, Ex. EEE, which was dismissed on July 8, 2014.  Ex. FFF.  *See* McKinney v. Crews, 141 So. 3d 1249 (Fla. 1st DCA 2014).  In that opinion, the court stated that the claims were procedurally barred as successive and as presenting matters that could or should have been raised on direct appeal or in a proper Rule 3.850 motion.  It further warned Petitioner that the filing of further successive unauthorized pleadings concerning this criminal case may result in sanctions.  *Id.* at 1250.  Two further emergency petitions for writ of habeas corpus were filed in the circuit court of Wakulla County on July 7, 2014, and December 23, 2014.  The disposition of those motions is not in the record before this Court.

Petitioner's second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed in this Court on July 7, 2014, under the mailbox rule, raising six grounds for relief:

(1) The State Attorney and Assistant State Attorney committed perjury, in violation of the U.S. Constitution and the decision in Giglio,[7] when they stated under oath in the information that the charges were based on sworn testimony, which is an essential element of the offense, when no such testimony existed.  ECF No. 7 at 5-6.

(2) Manifest injustice and fundamental error occurred in violation of the U.S Constitution because the information charging aggravated battery failed to allege that the defendant intentionally touched or struck the victim against his will, which is an essential element of the offense.  ECF No. 7 at 7-8.

(3)  The trial court violated double jeopardy principles when it imposed a sentence on charges in case number 02-12CF, after the court consolidated that case with case number 02-13CF, and the State later entered a nolle prosequi on some but not all of the charges.  ECF No. 7 at 10-11.

(4) Trial counsel was ineffective by allowing Petitioner to enter a plea to a fundamentally defective information that lacked an essential element, by allowing Petitioner to enter a plea to an offense that had been dismissed by the State, by allowing Petitioner to enter a plea to charges not supported by sworn testimony of the victim, and by allowing a plea without a factual basis.  ECF No. 7 at 13-14.

(5) Newly discovered exculpatory evidence exists that shows Petitioner is not guilty of the crimes for which he was convicted and requires that he be allowed to withdraw his plea.  ECF No. 7 at 16-17.

(6) The trial court erred by "sentencing" Petitioner to probation instead of "placing" him on probation, as provided by law, in violation

---

[7] Giglio v. United States, 405 U.S. 150 (1972).

of the Fifth and Sixth Amendments to the U.S Constitution.  ECF No. 7 at 17.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.' " Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 162 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

The Supreme Court has explained that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Richter, 562 U.S. at 102.  The Court stated:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.  Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 102-03 (citation omitted).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b).  In order for remedies to be exhausted, "the petitioner must have given the state courts a 'meaningful opportunity' to address his federal claim."  Preston v. Secretary, Florida Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)).  The Petitioner must have apprised the state court of the federal constitutional

claim, not just the underlying facts of the claim or a "somewhat similar state-law claim."  Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) (quoting Anderson v. Harless, 459 U.S. 4, 5-6 (1982)).  The State must have been provided the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (citation omitted)).  Petitioner must "fairly present" his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim.  Duncan, 513 U.S. at 365-66; O'Sullivan, 526 U.S. at 845; Picard, 404 U.S. at 277-78.  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  O'Sullivan, 526 U.S. at 845.

Where a claim is unexhausted and, thus, procedurally defaulted, in order to obtain review, the Petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993).  In order to demonstrate cause, Petitioner must show that "an external impediment, whether it be governmental interference or the reasonable unavailability of the factual

basis for the claim . . . prevented petitioner from raising the claim."

McCleskey v. Zant, 499 U.S. 467, 497 (1991) (quoting Murray v. Carrier,

477 U.S. 478, 488 (1986)).  A federal court may grant a habeas petition on

a procedurally defaulted claim without a showing of cause or prejudice if

necessary to correct a fundamental miscarriage of justice.  Henderson v.

Campbell, 353 F.3d 880, 892 (11th Cir. 2003).  In order to satisfy the

miscarriage of justice exception, the Petitioner must show that "a

constitutional violation has probably resulted in the conviction of one who is

actually innocent."  Schlup v. Delo, 513 U.S. 298, 327 (1995).

This Court's review "is limited to the record that was before the state

court that adjudicated the claim on the merits."  Cullen, 563 U.S. at 181.

The state court's factual findings are entitled to a presumption of

correctness and to rebut the presumption, the Petitioner must show by

clear and convincing evidence that the state court determinations are not

fairly supported by the record.  *See* 28 U.S.C. § 2254(e)(1).

For claims of ineffective assistance of counsel, the United States

Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's

> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To demonstrate

deficient performance, a "defendant must show that counsel's performance

fell below an objective standard of reasonableness." *Id.* at 688.  To

demonstrate prejudice, a defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* at 694.  "A reasonable

probability is a probability sufficient to undermine confidence in the

outcome." *Id.*  For this Court's purposes, "[t]he question 'is not whether a

federal court believes the state court's determination' under the Strickland

standard 'was incorrect but whether that determination was

unreasonable—a substantially higher threshold.' " Knowles v. Mirzayance,

556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473

(2007)).  "And, because the Strickland standard is a general standard, a

state court has even more latitude to reasonably determine that a

defendant has not satisfied that standard." Knowles, 556 U.S. at 123.  It is

a "doubly deferential judicial review that applies to a Strickland claim

evaluated under the § 2254(d)(1) standard." *Id.*

## <u>Ground 1: Information Not Based on Sworn Testimony</u>

Petitioner contends in his first claim that the State Attorney and Assistant State Attorney committed perjury, in violation of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), by stating under oath in the Information that the charges were based on sworn testimony when, Petitioner contends, no such testimony existed.  ECF No. 7 at 5-6.  Petitioner contends the record is clear that the victim at the scene never made any statement or testimony that the Petitioner committed battery upon him.  Petitioner further contends that sworn testimony of a material witness was an essential element of the crime and lack of it in the Information rendered the trial court without jurisdiction to convict him.  ECF No. 7 at 6.

The Respondent argues that the claim is unexhausted and procedurally defaulted.  ECF No. 12 at 9.  Respondent further contends that whether the Information was based on sworn statement by a material witness, whether that constituted an essential element of the crime being charged, and whether the trial court had jurisdiction are purely state law claims not cognizable in a federal habeas proceeding.

State law violations are not cognizable in a federal habeas proceeding under § 2254 unless they are of constitutional magnitude.  "It is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions," and "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). *See also* Swarthout v. Cooke, 562 U.S. 216, 222 (2011) ("[W]e have long recognized that 'a "mere error of state law" is not a denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121 n.21 (1982))).

Under Florida law, by entering a plea to the charges in the Information, the failure of the prosecutor to have received sworn testimony, and the allegation that the prosecutor falsely attesting that he did so, cannot be raised as a ground for post-conviction relief. *See* Logan v. State, 1 So. 3d 1253, 1254 (Fla. 4th DCA 2009); Simon v. State, 997 So. 2d 490, 491 (Fla. 4th DCA 2008). Moreover, such a claim is "without merit as a matter of law." *Id.* Florida Rule of Criminal Procedure 3.140(o) provides now, and did so when the Information was filed, that no indictment or information shall be dismissed or judgment arrested, or a new trial granted, on account of any defect in the form of the indictment unless the court finds the indictment or information so vague as to mislead or impair the accused in his defense.

A state court's jurisdiction, based on the charging document's alleged failure to comply with state law provisions, is a matter of state law not properly considered on federal habeas review.  *See* Wright v. Angelone, 151 F.3d 151, 157-58 (4th Cir. 1998).  The adequacy of the information is primarily a question of state law.  *See* Johnson v. Trickey, 882 F.2d 316, 320 (8th Cir. 1989).  Questions of state law and procedure rarely raise issues of federal constitutional significance because a state's interpretation of its own laws does not involve a federal constitutional question, Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir. 1991), even where the issue is couched in terms of equal protection and due process or other constitutional provisions.  *See* Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1998).  For these reasons, the claim that the Amended Information was fatally defective is not cognizable in this proceeding.

Petitioner combines this contention with the claim that the false statement of the prosecutor that sworn testimony was received constituted a Giglio violation.  Although this aspect of the claim is based on federal law, it is also not properly before this Court for habeas review.  Even if all Petitioner's claims in this ground were properly cognizable in this Court, Respondent is correct that they are unexhausted and procedurally defaulted.  In order to exhaust state remedies, the claim must have been

fairly presented in each appropriate state court.  "[T]he petitioner must have given the state courts a 'meaningful opportunity' to address his federal claim."  Preston, 785 F.3d at 457 (quoting McNair, 416 F.3d at 1302).  The State must have been provided the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," and Petitioner must "fairly present" his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim.  Duncan, 513 U.S. at 365-66; O'Sullivan, 526 U.S. at 845; Picard, 404 U.S. at 277-78.

Petitioner did not raise the claim of a defective Amended Information in the trial court prior to entering his negotiated plea.  He did not raise the claim of a defective Amended Information or a Giglio violation in his Rule 3.850 motion.  Instead, he raised these claims in his emergency petition for writ of habeas corpus filed in the state First District Court of Appeal.  Ex. UU at 11.  The petition was dismissed on the authority of Baker v. State, 878 So. 2d 1236, 1242 (Fla. 2004), which held that with limited exceptions habeas corpus relief is not available to obtain collateral postconviction relief for claims that could have been brought in a Rule 3.850 motion.  Ex. VV. *See* McKinney v. State, 135 So. 3d 1132 (Fla. 1st DCA 2014) (mem.).

This dismissal was based on established state procedural grounds. The United States Supreme Court has held that presenting a claim to the

state court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.  *See* Castille v. Peoples, 489 U.S. 346, 351 (1989); *see also* Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (observing that a state habeas petitioner who fails to raise a federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default).

To foreclose federal review, the state bar must be firmly established and regularly followed.  Ford v. Georgia, 498 U.S. 411, 423-24 (1991).  The law relative to Rule 3.850 motions, and precedent holding that a habeas petition may not be used to raise claims that could and should have been brought on direct appeal or in a Rule 3.850 motion, are firmly established and regularly followed in Florida.  The Eleventh Circuit has concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under applicable law.  LeCroy v. Sec'y, Fla. Dep't of Corr., 421 F.3d 1237, 1260 n.25 (11th Cir. 2005) (citing Whiddon v. Dugger, 894 F.2d 1266, 1267-68 (11th Cir. 1990)).

The claim was not raised in the trial court prior to entry of the plea, and was never raised in a properly filed post-conviction motion, and is thus

unexhausted and procedurally defaulted.  Where a claim is unexhausted and procedurally defaulted, in order to obtain review, the Petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice.  Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993).  Petitioner has not shown that "an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  *See* McCleskey, 499 U.S. at 497 (quoting Murray, 477 U.S. at 488).  Nor has Petitioner shown that his claim constitutes the rare case where manifest injustice excuses the procedural default.  *See* Henderson, 353 F.3d at 892 (citing Murray, 477 U.S. at 495-96).  In order to satisfy the miscarriage of justice exception, the Petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup, 513 U.S. at 327.  No constitutional violation has been shown, and no evidence of actual innocence appears in the record.

For the foregoing reasons, Petitioner has failed to show that he is entitled to federal habeas relief under 28 U.S.C. § 2254.  He has failed to show that the state court adjudication has resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that was based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  For all these reasons, federal habeas relief as to Ground 1 should be denied.

## Ground 2: Failure to Allege Essential Element

In this claim, Petitioner contends that manifest injustice and fundamental error occurred, in violation of the U.S Constitution, because the Amended Information charging aggravated battery failed to allege that the defendant intentionally touched or struck the victim against his will, which he contends is an essential element of the offense.  ECF No. 7 at 7-8.  The Amended Information alleged the offense of aggravated battery in Count I, as follows:

> On January 6, 2002, [Petitioner] did unlawfully commit a battery upon Brad E. Hutchinson and by beating and kicking did intentionally or knowingly cause great bodily harm, permanent disability, or permanent disfigurement, contrary to Section 784.045(1)(a)1, Florida Statutes.

Ex. H at 9.

The Respondent contends that this claim lacks merit because Count I specifically cited section 784.045(1)(a)1., which sets forth the elements of the offense as follows:

> **784.045 Aggravated Battery.—**
> (1)(a) A person commits aggravated battery who, in committing battery:

> 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
> 2. Uses a deadly weapon.

§ 784.045(1)(a)1., Fla Stat. (2001).  The statute setting forth elements of

simple battery, section 784.03, Florida Statutes, provides in pertinent part

as follows:

> **784.03 Battery; felony battery.—**
> (1)(a) The offense of battery occurs when a person:
> 1. Actually and intentionally touches or strikes another person against the will of the other; or
> 2. Intentionally causes bodily harm to another person.

§ 784.03(1)(a)1.-2., Fla. Stat. (2001).

Respondent is correct that the allegations in Count I provided notice

to Petitioner of the elements of offense charged.  The Amended Information

alleged the elements of aggravated battery by alleging that Petitioner

intentionally or knowingly caused great bodily harm, permanent disability,

or permanent disfigurement by beating and kicking the victim.  The

essential elements of aggravated battery include that required to establish

a simple battery, which provides that battery occurs when the defendant

either " '[a]ctually and intentionally touche[d] or str[uck] another person'

against the latter's will, **or** '[i]ntentionally cause[d] bodily harm to another

person.' "  <u>Small v. State</u>, 889 So. 2d 862, 863 (Fla. 1st DCA 2004)

(emphasis added) (citing section 784.03, Fla. Stat.)  Thus, the allegations

in Count I encompassed both battery, which may be established by proof

the defendant intentionally caused bodily harm, and aggravated battery, by

alleging that the battery caused great bodily harm, permanent disability, or

permanent disfigurement.  Moreover, by alleging great bodily harm by

kicking and beating, the charge also adequately alleged touching or striking

against the will of the victim.

A defendant's right to adequate notice of the charges against him is

well established.  *See* Gray v. Netherland, 518 U.S. 152, 167-68 (1996)

(citing Cole v. Arkansas, 333 U.S. 196, 201 (1948)).  Even if the charging

document is imperfect, if it fairly informs the defendant of the offense

charged, no constitutional issue arises for federal habeas review.  *See* Mira

v. Marshall, 806 F.2d 636, 639 (6th Cir. 1986).  The Amended Information

sufficiently alleged a battery and the additional elements necessary to

prove aggravated battery; therefore, no due process violation has been

shown and no federal claim is reviewable in this § 2254 proceeding.

In addition, this claim is unexhausted and procedurally defaulted.  It

was not raised in Petitioner's Rule 3.850 motion, but was raised in an

emergency petition for writ of habeas corpus filed in the state First District

Court of Appeal.  Ex. UU at 31.  As discussed in Ground 1 above, the

district court dismissed the petition on the authority of Baker v. State, 878

So. 2d 1236, 1242 (Fla. 2004), which held that with limited exceptions habeas corpus relief is not available to obtain collateral postconviction relief for claims that could have been brought in a Rule 3.850 motion.  A state habeas petitioner who attempts to raise a federal claim in state court in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default.  *See* Alderman, 22 F.3d at 1549.  Petitioner has failed to show cause for, and prejudice from, the default and has not shown that manifest injustice should excuse the default.

Petitioner has failed to show that the state court adjudication has resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. For all these reasons, federal habeas relief as to Ground 2 should be denied.

## Ground 3: Double Jeopardy

Petitioner contends that the trial court violated double jeopardy principles when it sentenced him in case number 02-12CF after the state consolidated that case with case number 02-13CF—containing charges

against his co-defendant—and then entered a nolle prosequi on case number 02-13CF.  ECF No. 7 at 10-12.  Petitioner did not raise this claim in the trial court before sentencing, nor did he raise it in his Rule 3.850 motion.  He did raise a double jeopardy claim in his emergency petition for writ of habeas corpus filed in the state First District Court of Appeal on February 28, 2014, Ex. UU, which was dismissed on April 8, 2014.  Ex. VV.  *See* McKinney v. State, 135 So. 3d 1132 (Fla. 1st DCA 2014).  As noted above, the state district court dismissed the petition on the authority of Baker v. State, 878 So. 2d 1236, 1241 (Fla. 2004), which held that with limited exceptions habeas corpus relief is not available to obtain collateral postconviction relief for claims that could have been brought in a Rule 3.850 motion or to raise claims that could have been, or were, raised on appeal.  The claim was not presented to all the appropriate state courts in a properly filed motion and appeal in order that the state courts might rule on the question.  It is thus unexhausted and procedurally defaulted.  *See* Alderman, 22 F.3d at 1549.  Cause for the default and prejudice therefrom, or manifest injustice, have not been shown and Petitioner may not return to the state court to remedy the default.

Notwithstanding any default, the claim should be denied on the merits.  It should be noted that Respondent interprets this claim as one

contending that because Petitioner was not prosecuted on several counts originally asserted against him, he could not be prosecuted and sentenced for the other charges in the Amended Information. *See* ECF No. 12 at 17-18. However, Petitioner alleges in this Court that this claim is the same one brought in his emergency petition for writ of habeas corpus. There, he argued that the State consolidated his co-defendant's case with his case, and then dismissed the charges—aggravated battery with great bodily harm and resisting an officer without violence—against his co-defendant, creating double jeopardy and collateral estoppel issues as to Petitioner's charges. Petitioner contended in his emergency petition for habeas corpus that because the charges were dropped against his co-defendant, double jeopardy prevented him from being sentenced on the charges filed against him as well. Ex. UU at 36.

The order of consolidation to which Petitioner refers consolidated case numbers 02-13CF and 012-12CF "for trial." *See* ECF No. 7 at 36 (Pet. Ex. C). The fact that charges against a co-defendant, which were filed in a case consolidated for trial under Florida Rule of Criminal Procedure 3.151, were dismissed has no bearing on whether Petitioner could be prosecuted and sentenced for the separate charges against him. Petitioner does not explain how, under Florida or federal law, the fact that

both defendants were originally implicated in the beating and fleeing means that the State must prosecute both—or neither.  Petitioner contends that a nolle prosequi was filed as to "the information," which he argues became a consolidated information.  The record, however, does not contain a copy of the nolle prosequi.  Accordingly, it is not possible to determine if the State entered a nolle prosequi intending to forego prosecution of a consolidated information or simply those counts that were filed against Petitioner's co-defendant.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const., amend. V  This protection is applicable to the states through the Fourteenth Amendment.  Benton v. Maryland, 395 U.S. 784, 787 (1969).  The Double Jeopardy clause protects against three abuses—a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense.  North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 795 (1989).  These double jeopardy protections were not violated by the State continuing its prosecution against Petitioner after dismissing charges against his co-defendant, or by his voluntary pleas of nolo

contendere to the offenses for which he was charged and sentenced.

Moreover, whether as a technical matter under Florida law the Amended

Information should have been dismissed in full due to prior consolidation of

the co-defendant's case with Petitioner's case under Rule 3.151 is a state

law issue that does not implicate Federal Double Jeopardy protections.

      For all the foregoing reasons, Petitioner has failed to demonstrate

that the state court's adjudication of this claim resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly

established federal law as determined by the Supreme Court, or was based

on an unreasonable application of the facts in light of the evidence

presented in the state court proceeding.  Ground 3 should be denied.

## Ground 4: Ineffective Assistance of Counsel at Plea

      Petitioner contends in this ground that trial counsel was ineffective by

allowing him to enter a negotiated plea to a fundamentally defective

information that lacked an essential element; by allowing Petitioner to enter

a plea to an offense that had been dismissed by the State; by allowing

Petitioner to enter a plea to charges not supported by sworn testimony of

the victim; and by allowing a plea without a factual basis.  ECF No. 7 at 13-

14.  Petitioner alleges that this claim was raised in his emergency petition

for writ of habeas corpus filed in the state First District Court of Appeal. ECF No. 7 at 13.

The Respondent contends that the claim is unexhausted and procedurally defaulted because it was not raised in a properly filed post-conviction motion, and that the time for filing such a claim in state court has expired. ECF No. 23 at 18-19. Petitioner did not make this claim of ineffective assistance of counsel in his Rule 3.850 motion filed on March 22, 2012. Ex. EE at 1. He did file a similar claim in his emergency petition for writ of habeas corpus in the state appellate court. Ex. UU at 41. There, he argued that trial counsel knew that the charges against his co-defendant had been dismissed after his case and his co-defendant's case were consolidated for trial, and that such dismissal rendered the trial court without jurisdiction in his case. Ex. UU at 41. He contended in that petition that trial counsel failed to make the appropriate motions based on this knowledge. Petitioner also contended in that petition that trial counsel should have investigated and filed a motion to dismiss based on the allegation that the State Attorney and the Assistant State Attorney falsely swore in the Information that the charges were based on sworn testimony of a material witness, which he contends was an essential element of the crime. Ex. UU at 44. Finally, he contended in that petition that trial counsel

should not have allowed him to enter a plea when the alleged victim did not come to court and testify that the crime occurred.  Ex. UU at 50.

As discussed earlier, the state First District Court of Appeal dismissed the petition on the authority of Baker v. State, 878 So. 2d 1236, 1242 (Fla. 2004) (holding that with limited exceptions habeas corpus relief is not available to obtain collateral postconviction relief for claims that could have been brought in a Rule 3.850 motion).  Ex. VV.  Petitioner may not raise a federal claim in state court in a manner not permitted by state procedural rules and then bring that same claim in federal court absent a showing of cause for and actual prejudice from the default.  *See* Alderman, 22 F.3d at 1549.  Petitioner has failed to show cause for, and prejudice from, the default and has not shown that manifest injustice should excuse the default.

Notwithstanding any default, Petitioner has not demonstrated ineffective assistance of counsel.  There is a strong presumption that counsel's conduct falls within the wide range of professional assistance, and the defendant must overcome the presumption that under the circumstances the challenged actions "might be considered sound trial strategy."  Strickland, 466 U.S. at 689.  Every effort must be made to

disregard the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time. *Id.*

Petitioner was facing more than 45 years in prison. Rather than risk that at trial, Petitioner was able to enter a negotiated plea for a non-prison sentence as part of two years of probation, followed by community control, followed by six years of standard probation. At that same plea and sentencing hearing, the trial court warned Petitioner several times that if he violated his community control or his probation, he was facing 45 years in prison. Ex. D at 10, 18. Petitioner also stated at the plea and sentencing hearing that he was satisfied with his counsel's advice. Ex. D at 11. Counsel's representation, and his advice to Petitioner regarding the entry of a negotiated plea, has not been shown to have been outside the wide range of professional assistance under the facts and circumstances of this case.

In addition to showing counsel's actions were deficient, the burden is on Petitioner to show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different—a reasonable probability being one sufficient to undermine confidence in the outcome. *Id.* at 694. Had counsel objected to the sufficiency of the Amended Information, any alleged defect in the

Information cited by counsel could have been easily corrected and an amended information filed.  *See* <u>Simon v. State</u>, 997 So. 2d 490, 491 (Fla. 4th DCA 2008).  As discussed in Grounds 1 and 3 above, the Information was not deficient, nor was it a violation of double jeopardy on the ground that the co-defendant's case was consolidated with Petitioner's case and the co-defendant's charges were then not pursued.  The alleged victim was not required to come into court in conjunction with a negotiated plea to testify that an aggravated battery occurred before Petitioner can validly enter his plea.  Counsel cannot be ineffective for failing to raise these meritless arguments.  *See, e.g.*, <u>Diaz v. Secy, Dep't of Corr</u>., 402 F.3d 1136, 1142 (11th Cir. 2005).

Finally, Petitioner contends that counsel was ineffective in allowing him to enter a plea of nolo contendere to charges for which there was no factual basis.  The probable cause affidavit set forth the facts of the altercation at the night club, relating statements by witnesses that Petitioner beat and kicked the victim, that he was seen with a pistol, and the facts concerning the high speed car chase and flight by Petitioner.  *See* Ex. H at 1-6.  Counsel's agreement at the plea hearing that a factual basis was present was not disputed by Petitioner, and based on the probable cause affidavit, counsel was not ineffective in stipulating at the plea hearing that

there was a factual basis for the entry of the pleas and the convictions resulting from them.  Ex. D at 14.

Trial counsel's conduct in obtaining a favorable plea bargain in light of all the circumstances in the case has not been shown to be deficient.  Nor has Petitioner demonstrated the prejudice required under <u>Strickland</u>.  It is conclusory and speculative to allege, as has Petitioner, that if counsel had made the objections cited by Petitioner that he could not have been convicted.  *See* ECF No. 7 at 14.

For all these reasons, Petitioner has failed to demonstrate that the state court's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or was based on an unreasonable application of the facts in light of the evidence presented in the state court proceeding, as required by 28 U.S.C. § 2254.  Ground 4 should be denied.

## <u>Ground 5: Newly Discovered Evidence</u>

Petitioner contends that newly discovered exculpatory evidence in the form of affidavits by co-defendant Antonio Harris, taking responsibility for the crimes for which Petitioner was convicted, and the recanted testimony Carol Scott, shows he is not guilty of the crimes for which he was

convicted.  ECF No. 7 at 16-17.  This claim was raised in Petitioner's Rule 3.850 motion.  Ex. FF.  A hearing was held on the motion, at which Petitioner argued that if he had known of this new evidence, he would not have entered a plea to the charges.  Ex. FF at 89.

Petitioner contended that his co-defendant refused to testify at the time the charges were pending, and only later did he sign an affidavit on November 20, 2011, stating that Petitioner simply tried to break up the fight between the co-defendant and the victim, and that the co-defendant was the one driving the car when they fled the scene.  Ex. FF at 86; Ex. FF at 18-22 (Harris affidavit).  In the affidavit of Carol Scott, dated May 23, 2012, she denied that she ever stated while at the scene of the beating that Petitioner was beating the victim and that he had a gun.  Ex. FF at 48-49.

At the time of the incident, the probable cause affidavit reported that witness Carol Scott told officers she saw both Petitioner and Harris jump on the victim and beat him.  She reported that they left and returned to begin beating him again, and continued to do so while bystanders where attempting to stop the fight.  Ex. H at 2.  The probable cause affidavit also stated that another witness, Natacha Allen, reported that she observed Petitioner holding a handgun, and witness Roger Rosier reported seeing Petitioner and Harris beating the victim and he reported hearing gunshots

after they left the club.  Ex. H at 3.  The probable cause affidavit further states that when Petitioner was taken into custody after the car chase, he had a .25 caliber magazine with 6 rounds of ammunition in his pocket.  Ex. H at 5.

At the hearing on the Rule 3.850 motion, Petitioner indicated that, based on the newly discovered evidence of the Harris and Scott affidavits, he should be allowed to withdraw his plea because his lack of knowledge of Harris's and Scott's potential testimony rendered his original plea involuntary and proved his innocence.  Ex. FF at 88-91.  The trial court denied the motion, stating:

> **THE COURT:**  Well, based on my review of the motion, and what I've heard here today, I'm going to deny the motion.  I do find that, based on the fact that this was an agreed plea, that much of what's been argued today is irrelevant.  Also, this was a May 2004 plea; and I find it also to be untimely.  So I'm denying the motion on this.

Ex. FF at 91.  The trial court's denial of relief was affirmed per curiam by the state First District Court of Appeal.  Ex. JJ.

The Respondent contends that this claim is not cognizable because it is a freestanding claim of actual innocence.  ECF No. 12 at 26.  Even though Petitioner's reply concedes this claim involves the allegation of actual innocence, he explained in his reply that he seeks to be allowed to withdraw his plea based on fundamental miscarriage of justice.  ECF No.

17 at 10-13.  That is the standard that applies to requests to withdraw pleas after sentencing in circumstances such as these where manifest injustice is alleged.  *See* <u>Griffin v. State</u>, 114 So. 3d 890, 897 (Fla. 2013).  The denial of a motion to withdraw plea is reviewed under the abuse of discretion standard.  *Id.*

Petitioner states in his reply, "Defendant's failure to proclaim his innocence when pleading guilty does not count against him when he subsequently seeks to withdraw his plea under 'Fair and Just' reason standard.  ECF No. 17 at 16-17.  He explains, as he did in the trial court, that had he known of the evidence, he would not have entered a plea but would have gone to trial.  ECF No. 17 at 17.  The state district court of appeal was presented with the same argument—that Florida law allows withdrawal of a plea by showing it necessary to correct manifest injustice.  Ex. GG at 4.  The state appellate court affirmed denial of relief, which is a determination on the merits that is entitled to deference by this Court.  *See* <u>Harrington</u>, 562 U.S. at 86 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."); *see also* <u>Wright</u>, 278 F.3d at 1254.

As the Respondent notes, evidence that Antonio Harris was driving the car and that Harris was the individual fighting with the victim was not newly discovered, merely newly available.  Petitioner was at the scene and was aware of whether Harris the one fighting and the one driving the car. The Ninth Circuit has held that "newly available" evidence does not constitute newly discovered evidence justifying withdrawal of a plea. United States v. Showalter, 569 F.3d 1150, 1155 (9th Cir. 2009).

Petitioner contends Harris would not testify to these facts at the time of the plea, and thus his affidavit should form the basis for withdrawal of Petitioner's plea now.  No trial was held; therefore, it cannot be said with any degree of certainty that Harris would not testify.[8]  Similarly, the fact that Carol Scott executed an affidavit years after the incident which conflicted with her earlier police report does not establish actual innocence.  It is mere speculation to conclude that Scott would not have testified to the facts set forth in the probable cause affidavit if trial had been held.  The fact that Scott might testify she did not see Petitioner with a gun and that he was not beating the victim does not mean the jury would not have believed the

---

[8] Petitioner states in several arguments that his trial counsel was also representing the co-defendant, suggesting that trial counsel had an actual conflict of interest.  However, Petitioner has not made an express claim of ineffective assistance of counsel based on this allegation in this Court; and he did not raise such an express claim in the trial court and in the state appellate court.  Further, the record does not demonstrate that his trial counsel had an actual conflict of interest leading to a defect in the plea process.

other witness who saw Petitioner beating the victim and later holding a

small black handgun on the night of the incident.

The alleged newly discovered evidence of Scott's conflicting affidavit

is at most impeachment material and not proof of actual innocence.

Moreover, the Supreme Court has rejected the idea that a defendant may

withdraw a plea simply upon discovering that the state would have a

weaker case than first thought.  "A defendant is not entitled to withdraw his

plea merely because he discovers long after the plea has been accepted

that his calculus misapprehended the quality of the State's case or the

likely penalties attached to alternative courses of action."  Brady v. United

States, 397 U.S. 742, 757 (1970).  "A rule that a plea must be intelligently

made to be valid does not require that a plea be vulnerable to later attack if

the defendant did not correctly assess every relevant factor entering into

his decision."  *Id.*

Petitioner has failed to show a defect of constitutional magnitude in

the plea and sentencing in this case, and has failed to show that a manifest

miscarriage of justice requires withdrawal of the plea.  Accordingly,

Petitioner has failed to demonstrate that the state court's adjudication of

this claim resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law as determined

Case 4:14-cv-00238-MW-CAS   Document 21   Filed 01/09/17   Page 38 of 44

Page **38** of 44


by the Supreme Court, or was based on an unreasonable application of the facts in light of the evidence presented in the state court proceeding. Ground 5 should be denied.

## Ground 6: Illegal Sentence

Petitioner contends in his last claim that the trial court erred by "sentencing" Petitioner to probation instead of "placing" him on probation, as provided by Florida law, and as a result, his sentence violated the prohibition against double jeopardy. ECF No. 7 at 17. Petitioner is referring to the trial court's statement at the plea and sentencing hearing, as follows:

> THE COURT: All right. That being the case, there being no legal cause, Mr. McKinney, upon your pleas of no contest to each of these counts upon your adjudication as to each, as to Counts 1, 2 and 3 <u>it will be the sentence of two years of probation with a special term and condition of 22 months Wakulla county Jail Bed Program</u>. Your probation to terminate upon your release from the <u>incarcerative period</u>. You have credit for time served stipulation of 58 days in Leon County, with the further amount estimated but not certain, to be set by subsequent order of 380 days less or more in Wakulla County on these charges, that to be followed by two years of community control. . . .
> Then to be followed by Six years of standard probation with the further special terms and conditions of your probation and community control . . . .

Ex. D at 16-17 (emphasis added). Petitioner was sentenced to time served on Counts 4 through 7. After his community control was revoked,

Case No. 4:14cv238-MW/CAS

Petitioner was sentenced to three consecutive prison terms of 15 years each.

The Respondent contends that the probation process and whether a state court "sentences" a defendant to probation or "places" a defendant on probation is solely an issue of state law which is not cognizable in a federal habeas proceeding—and that this rule applies even where the Petitioner couches the claim in terms of a constitutional violation.  ECF No. 12 at 27-28.  Petitioner raised this claim in his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) on January 24, 2013.[9]  Ex. MM at 1-8.  The motion was denied in a written order stating that the motion was wholly without merit.  Ex. LL at 32.  Petitioner appealed to the state First District Court of Appeal, Ex. NN, which per curiam affirmed without a written opinion on October 4, 2013.  Ex. PP.  *See* McKinney v. State, 124 So. 3d 920 (Fla. 2013) (table).

Petitioner relies on a Florida statutory provision which states in part that a trial court may stay and withhold sentence and "shall place [the defendant] upon probation."  § 948.01(2), Fla. Stat.  The court in Landeverde v. State, 769 So. 2d 457 (Fla. 4th DCA 2000), explained that a

---

[9] This motion alleged that he could not be sentenced to prison and also be "sentenced" to probation without violating double jeopardy.  Ex. MM at 2-8.

probationary period "is generally not considered a 'sentence," and "in a technical sense, a trial court is not authorized to *sentence* a defendant to probation." *Id.* at 462. The trial court stated at the plea and sentencing hearing that it was the "sentence of two years of probation with a special term and condition of 22 months Wakulla county Jail Bed Program. Your probation to terminate upon your release from the incarcerative period." Use of the word "sentence" in this context, referring to both the incarcerative period and the term of probation during which the incarcerative period is served, has not been shown to be substantively improper. Moreover, the standard written orders entered after the hearing made no reference to a "sentence" of probation. Ex. E. The orders clearly indicated that Petitioner would be "imprisoned" for 22 months in the Wakulla Jail Bed program as a condition of probation.

The state trial court and appellate court found no violation of state law in the trial court's statement of the terms of Petitioner's sentence and probation. The appellate court did not find that the trial court improperly "sentenced" Petitioner to probation, thus under Florida law, Petitioner has not been twice sentenced for the same offenses. The double jeopardy clause "does no more than prevent the sentencing court from prescribing greater punishments than the legislature intended." <u>Missouri v. Hunter</u>, 459

U.S. 359, 366 (1983).  In deciding if a double jeopardy violation has occurred, the federal courts must accept Florida courts' interpretation of the state's own statutes.  Id. at 368.  *See also* Williams v. Singletary, 78 F.3d 1510, 1517 (11th Cir. 1996) (relying on Florida Supreme Court authority for remedy to double jeopardy violation).  Therefore, this issue turns solely on a question of state law and interpretation of a state statute.  State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68.

For all these reasons, Petitioner has failed to demonstrate that the state court's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or was based on an unreasonable application of the facts in light of the evidence presented in the state court proceeding.  Ground 6 should be denied.

## Conclusion

Based on the foregoing, Petitioner Travis McKinney is not entitled to federal habeas relief.  Accordingly, the second amended § 2254 petition (ECF No. 7) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to

whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the second amended § 2254 petition (ECF No. 7).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 9, 2017.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not**

<u>**control**</u>.  **If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**